**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **MAGSEIS FF LLC,** | § | |
| *Plaintiff*, | § | |
| | § | |
| | § | |
| | § | **CIVIL ACTION NO. 4:26-cv-03982** |
| **v.** | § | |
| | § | |
| **CHANNEL SHIP SERVICES, LIMITED** | § | |
| | § | |
| *Defendant.* | § | |
| | § | |

---

## ORIGINAL COMPLAINT AND
## COMPLAINT FOR DECLARATORY JUDGMENT

---

Plaintiff  Magseis FF LLC ("Magseis") files this Original Complaint and Complaint for Declaratory Judgment against Defendant Channel Ship Services Limited ("CSS") and would respectfully show this Court the following.

## **PARTIES**

1.      Plaintiff Magseis is business entity organized and existing under the laws of Delaware, with a principal place of business in Houston, Texas.

2.      CSS is a foreign company that was doing business in Texas at all material times. CSS agreed, through the Master Service Agreement with Magseis, to submit to a court of competent jurisdiction within the United States. CSS resides in Jersey, United Kingdom and may

be served through the Hague Service Convention. CSS may be served at its headquarters located at 3rd Floor, Herald House, 8 Hill Street, St. Helier, Jersey, United Kingdom JE2 4UA.

## JURISDICTION AND VENUE

3.     This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because Magseis is a citizen of Delaware and Texas and CSS is citizen or subject of a foreign country, and the amount in controversy exceeds $75,000, excluding interest and costs. CSS is subject to the Court's personal jurisdiction with respect to this action because CSS does business in Texas, and it expressly submitted to the non-exclusive jurisdiction of the courts in Texas.

4.     Venue is proper in this District and Division judicial district under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this District. In particular, CSS negotiated the contract at issue with a Magseis representative in Houston, Texas.

## BACKGROUND FACTS

### *Magseis and CSS are parties to the Master Service Agreement.*

5.     On April 4, 2018, Magseis and CSS entered into a Master Service Agreement ("MSA") for CSS's delivery of hired consultants or agreement personnel. In May 2018, the parties amended the MSA and on December 31, 2018, Magseis FF LLC received a full assignment of rights under the MSA. In June 2019, the parties amended the MSA, specifically amending terms relating to liability and indemnity. *See* the MSA and signed amendments attached hereto.

### *Magseis responds to Menon's incident and claim.*

6.     At all material times, CSS employed Aravind Menon, an Indian citizen. Pursuant to the MSA, CSS provided personnel including Menon, who worked as a junior technician onboard the Vessel NORMAND TONJER, chartered by Magseis. On or about May 20, 2022, the Vessel

was located in the Mumbai anchorage area awaiting clearance to leave the country and travel to Norway. Menon was assisting other technicians onboard to transfer rope from the Vessel's starboard side mezzanine to the port side mezzanine. Menon climbed to the top of the stairs on the port side mezzanine and turned to walk towards the starboard side. As he walked forward, he fell through an opening in the grating and allegedly sustained personal injuries. At its expense, Magseis evacuated Menon to a shoreside hospital and advised CSS of the incident.

7.      Menon claimed damages as the result of the incident for evacuation, hospital and treatment costs, past and future medical expenses, travel expenses, past and future lost wages, and mental anguish.

8.      On September 19, 2025, Magseis fully and finally settled Menon's claims. Despite Magseis's repeated requests, CSS refused to reimburse Magseis pursuant to its contractual obligations or to fund any part of the settlement with Menon.

### *CSS refused to meet its MSA obligations.*

9.      Pursuant to MSA §17, Magseis evacuated Menon to the nearest hospital. CSS was then responsible for the cost of medical intervention, further treatment, repatriation and evacuation of Menon. CSS refused to pay those costs. Magseis was forced to pay all medical intervention, further treatment, repatriation and evacuation expenses in excess of $100,000.

10.      Pursuant to a signed amendment to the MSA, the parties agreed to a knock-for-knock indemnity arrangement that obligates each party to defend and indemnify the other party for injuries to its own employees when it fails to perform MSA obligations. MSA §19.1 and §19.2.

> 19. **Liability and Indemnity**
>
> 19.1      Company [Magseis] shall release, defend, indemnify and hold Supplier [CSS] harmless from and against any and all liabilities for death, illness or injury to any of Company personnel (or Supplier Personnel or Supplier Consultants) or for loss of or damage to the property of

Supplier…and against all claims, demands, proceedings, causes of action and costs and expenses (including those for reasonable legal fees) resulting therefrom and arising out of and to the extent of any negligence of default on the part of the Supplier in the performance of any of its obligations hereunder.

19.2      Supplier [CSS] shall release, defend, indemnify and hold Company [Magseis] harmless from and against any and all liabilities for death, illness or injury to any of Supplier personnel (or Supplier Personnel or Supplier Consultants) or for loss of or damage to the property of Supplier…and against all claims, demands, proceedings, causes of action and costs and expenses (including those for reasonable legal fees) resulting therefrom and arising out of and to the extent of any negligence of default on the part of the Supplier in the performance of any of its obligations hereunder.

11.     On numerous occasions, Magseis asked CSS to fulfill its contractual defense and indemnity obligations and to reimburse Magseis for the costs and expenses associated with medical intervention, further treatment, evacuation and repatriation expenses associated with Menon's alleged incident. CSS refused to acknowledge its obligations under the MSA.

12.     Under the MSA, CSS agreed to provide and maintain Employer's Liability Insurance covering liability arising out of any accidents at work or occupational diseases of CSS personnel. MSA §16.1.2. CSS agreed to provide Contingency Medical evacuation and repatriations insurances. MSA §16.1.3. CSS agreed to provide the corresponding insurance certificates upon request. MSA §16.1.4. Magseis asked CSS repeatedly for confirmation that these policies were in place and implicated to provide coverage. CSS refused all requests for policy information.

13.     Magseis entered into settlement negotiations with Menon and asked CSS to participate in accordance with its obligations under the MSA. CSS refused to participate.

14.     Magseis settled all claims with Menon related to the incident, advised CSS of the settlement and requested reimbursement, defense and indemnity relating to Menon's claims. CSS

4

refused.

## COUNT I

## REQUEST FOR DECLARATORY JUDGMENT

15.     Magseis incorporates by reference paragraphs 1. through 14., above, as if restated herein in their entirety.

16.     Magseis brings this claim for declaratory judgment under Federal Rule of Civil Procedure 57 and 28 U.S.C. §§ 2201, 2202 to declare the legal relations and rights of the parties under the MSA.

17.     The MSA provides that CSS will bear any further medical treatment, repatriation and evacuation beyond costs associated with Menon's evacuation to the nearest hospital. By failing to pay for Menon's medical intervention, further treatment, evacuation and repatriation expenses or to reimburse Magseis for the amounts expended to meet these obligations, CSS has caused Magseis to bear the entire cost of Menon's incident-related costs and expenses.

18.     The MSA provides that CSS will defend, indemnify and hold Magseis harmless from and against any liabilities for injury to any CSS personnel and against all claims, including legal fees, resulting from those liabilities as expressed by the MSA.

19.     The MSA provides that during its performance of services, CSS must maintain in force certain insurance policies, including comprehensive general liability, employer's liability and contingency medical, evacuation and repatriation insurances.

20.     An actual controversy exists concerning Magseis's request for reimbursement, defense and indemnity under the MSA, and a present and practical need exists for the Court to resolve this dispute.

21.     A declaration by the Court of the rights and obligations of Magseis and CSS with respect to CSS's obligations in connection with Menon's incident, claims and settlement will materially advance the interests of the parties.

22.     Accordingly, pursuant to 28 U.S.C. § 2201, Magseis requests that the Court enter a declaratory judgment against CSS that pursuant to the MSA, it owes medical intervention and treatment costs, as well as evacuation and repatriation expenses associated with Menon's incident and alleged injuries. Magseis also requests that the Court declare that CSS has a duty to defend and indemnify Magseis in connection with Menon's claims and the subsequent settlement of all claims. Magseis requests that the Court declare that CSS was obligated to maintain comprehensive general liability, employer's liability and contingency medical, evacuation and repatriation insurance for the benefit of Menon.

23.     Magseis further requests all other relief this Court deems proper.

**COUNT II**
**BREACH OF CONTRACT**

24.     Magseis incorporates by reference paragraphs 1. through 14., above, as if restated herein in their entirety.

25.     The MSA constitutes a valid and enforceable contract between Magseis as "Company" and CSS as "Supplier."

26.     Under the MSA, CSS promised to pay Menon's further treatment, repatriation and evacuation costs beyond Menon's evacuation from the Vessel to the nearest hospital.

27.     CSS has refused to pay Menon's further treatment, repatriation and evacuation costs as contractually required and to reimburse Magseis for these costs. CSS has materially breached its duty under the MSA.

28.     Under the MSA, CSS promised to defend, indemnify and hold Magseis harmless from and against any liabilities for injury to any CSS personnel and against all claims, including legal fees, resulting from those liabilities as expressed by the MSA.

29.     As an employee for CSS, Menon's incident and claim for damages implicate CSS's contractual duty to defend and indemnify Magseis because liability for injury to Menon resulted in a claim as described by the MSA. By refusing Magseis's numerous requests, CSS has materially breached its contractual duties to Magseis in this regard.

30.     During its performance of services under the MSA, CSS promised to maintain in force certain insurance policies, including comprehensive general liability, employer's liability and contingency medical, evacuation and repatriation insurances.

31.     Despite Magseis's numerous requests, CSS has refused to provide evidence of the required insurance policies or confirmation of applicable insurance coverage and has materially breached its duties under the MSA.

32.     As a direct and proximate result of CSS's material breaches of contract, Magseis has suffered damages in an amount to be determined at trial, including all costs and damages incurred by Magseis related to Menon's medical and healthcare expenses, evacuation and repatriation expenses, and Menon's resulting personal-injury claims against Magseis and any other costs and expenses, all of which Magseis now seeks in addition to any other relief that the Court deems appropriate.

### *Magseis is entitled to its attorney's fees.*

33.     Magseis incorporates by reference paragraphs 1. through 32., above, as if restated herein in their entirety.

34.     Magseis engaged the undersigned counsel to prosecute this lawsuit against CSS, which includes a claim for breach of contract, and agreed to pay reasonable attorney's fees and expenses through trial and any appeal.

35.     Pursuant to Section 38.001 of the Texas Civil Practice and Remedies Code, Magseis prays that it be awarded all reasonable attorney's fees incurred in prosecuting Magseis's breach-of-contract cause of action through trial and any appeal.

## CONDITIONS PRECEDENT

All conditions precedent to Magseis's right to recover and to bring this action against CSS under the MSA have occurred, have been fully performed, or have been waived by CSS's material breach of the MSA.

## PRAYER

Magseis hereby prays that, upon final hearing of this matter, this Court declare that the MSA requires CSS to 1) reimburse Magseis for further treatment, evacuation and repatriation expenses related to Menon's incident; 2) provide defense and indemnity to Magseis in connection with Menon's incident and claims and the resulting settlement; and 3) maintain insurance policies that address Menon's employment and personal-injury claims.

Magseis asks the Court to adjudge that, by failing to satisfy its contractual obligations, CSS has materially breached its MSA with Magseis, and Magseis recover all damages from and against CSS that it may reasonably establish by a preponderance of the evidence, and award attorney's fees, costs of court, pre- and post-judgment interest.  Magseis asks for such other and further relief, at law or in equity, to which it may be justly entitled.

[*signature block on next page*]

8

Respectfully submitted,

Candace A. Ourso
Texas Bar No. 24008952
S.D. Tex. ID No. 23217
Candace.Ourso@kennedyslaw.com
1500 Waugh Drive, Ste 225
Houston TX 77019
T: (832) 753-8062
F: (832) 753-8079
**ATTORNEY-IN-CHARGE FOR
MAGSEIS FF LLC**

**OF COUNSEL:**

**KENNEDYS CMK LLP**